## No. 534
## RUSSELL v. BRADY

Ohio Appeals, 9th Dist., Summit County
No. 815. Decided March 17, 1924

480. EVIDENCE — Error commited by court in withdrawing evidence of promise to apply sums procured from sale, in excess of debt, in payment of note.

WASHBURN, J.

Epitomized Opinion

Published Only in Ohio Law Abstract

Brady and Ganyard were engaged in a real estate partnership. One Russell was employed by them to sell real estate. Brady loaned Russell $200, for which loan Russell gave his note. Russell was the owner of an automobile, and some time afterwards Brady accused Russell of being indebted to the partnership, Brady and Ganyard, for collections made on lots that the former sold. An assignment of Russell's interest was made to the partnership and the latter received $500 as Russell's interest at the sale of the same. Then Brady sued Russell to recover on the note. Russell answered, setting up the claim that the proceeds of his equity in the automobile which had been converted by Brady were in Brady's

## STATE COURT OF APPEALS—Continued

possession and should be applied to the payment of said note.

At the trial Brady offered in evidence the assignment of the equity to the partnership. Russell offered in evidence testimony tending to prove that when Brady obtained possession of the automobile and induced him to sign the assignment, Brady promised and agreed that the equity of Russell in said automobile should be applied to the discharge of whatever Russell owed said partnership and if there was a surplus, Brady was to give Russell credit for this surplus on the note. At the close of the evidence the court struck out the evidence tending to show that Brady promise to apply the surplus of said equity upon his note and directed the jury to return a verdict for Brady for the full amount of the note. The defendant prosecuted error. In reversing the judgment of the lower court, the Court of Appeals held:

1. If Brady procured an assignment by a promise to credit the surplus upon his note against Russell, regardless of whether or not he received such surplus from the partnership, the court committed error in withdrawing the evidence on this question from the jury.

Attorneys—Mottinger & Evans, for Russell; H. W. Schwab, for Brady; all of Akron.